## BARBER *v.* SWAN.

A writ of attachment should show *prima facie*, a compliance with the Code and if materially defective, it cannot be amended, and may be quashed on motion.

### *Appeal from Johnson District Court.*

*Opinion by* GREENE, J.  This suit was commenced by Horace H. Barber, against Charles J. Swan.  A writ of attachment was issued.  On motion, the writ was quashed, and the court refused plaintiff's application to amend. This ruling of the court is assigned for error.

The paper in this case, called " a writ of attachment," could not easily be recognized as such.  It contains but few of the material requisites of such a writ.  It does not state any action pending for the recovery of money, nor give the names of the parties to the suit.  It does not state the grounds which authorized the court to issue the writ, nor does it even give the name of the plaintiff to the proceeding.  It does not show that the indispensable conditions of the Code had been performed, before the process could be legally issued; and does not therefore confer authority upon an officer to attach property.  Such a writ should show *prima facie*, a compliance with the Code,

Barber v. Swan.

sufficient to confer authority upon the clerk to issue the writ. If materially defective, as in this case, it may with propriety be quashed.

But it is claimed that the plaintiff below asked leave to amend the writ. If there was not sufficient validity in the writ to authorize the attachment of property, an amendment of the writ could not relate back to the levy so as to make the attachment good. But a process so deficient as the writ in this case—so devoid of the essential requirements to give it vitality and force, could not well be amended under any statute of jeofails. There is no section in the Code that can justify such a complete reformation of an invalid writ, and it may well be questioned whether any section authorizes any amendment of a notice, writ, or process. Sections 1755, 1759, give ample power to the courts to amend, but strictly considered, those sections can only be deemed applicable to pleadings. Under the rigor of the common law, amendments are not permitted, and we have now, in Iowa, no statute of jeofails but the five sections of the Code referred to. There is, then, no authority for the broad and unsafe system of amendments claimed for this writ.

Judgment affirmed.


*William Penn Clarke,* for appellant.

*J. D. Templin,* for appellee.